IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Ernestine Lucas, | ) | |
| | ) | C.A. No.: 5:10-cv-02606-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____) | | |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), [Doc. 22], filed on January 23, 2012, recommending that the decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") be reversed, pursuant to sentence four of 42 U.S.C. § 405 (g), and remanded to the Commissioner for administrative action consistent with the Magistrate Judge's recommendation. The Report sets forth the relevant facts and legal standards which this court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or

1

recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were notified of their right to file objections [Doc. 22 at 1]. Plaintiff has not filed any objections to the Report. Defendant does not intend to file objections to the Report. *See* Defendant's Notice of Not Filing Objections to the Report and Recommendation of Magistrate Judge [Doc. 24].

In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined inumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings

for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F. 2d at 1157-58.

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in the instant case. The court accepts the Report of the Magistrate Judge and incorporates it herein by reference. For the reasons set out in the Report, the Commissioner's final decision is reversed and remanded for further proceedings consistent with the Magistrate Judge's recommendations.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
January 30, 2012

3