## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Ernestine Lucas, ) | |
| ) | Civil Action No. 5:10-cv-02606-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner, Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court upon Plaintiff's Petition for Fees Under the Equal Access to Justice Act ("EAJA") [Dkt. No. 29], pursuant to 28 U.S.C. § 2412(d). The Commissioner of Social Security ("Commissioner") opposes the petition on the ground that his position in defending this case was substantially justified.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." *Thompson v. Sullivan,* 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). The government has the burden of demonstrating substantial justification in both fact and law. *Id.* "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." *Smith v. Heckler,* 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). If the Commissioner's position is based on an arguably defensible administrative record, then it is substantially justified. *Crawford v. Sullivan,* 935 F.2d 655, 658 (4th Cir. 1991). The government's position may be justified even though it is incorrect and may be substantially justified if a reasonable person could believe the government's position was appropriate. *Pierce v. Underwood,* 487 U.S. 552,

1

566 n.2 (1988). The district court has broad discretion to set the attorney-fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize and discount." *Comm'r v. Jean,* 496 U.S. 154, 163 (1990).

In this case, Plaintiff alleged disability at the age of 34 as a result of a variety of severe and non-severe physical and mental impairments including polyarthralgias, fibromyalgia, right forearm tendonitis, right lateral epicondylitis (tennis elbow), obesity, vertigo, depression, bipolar disorder, anxiety and panic disorder. Plaintiff's application was denied initially, upon reconsideration and in a decision issued by the Administrative Law Judge ("ALJ") of the Social Security Administration. The ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act and thus not entitled to benefits. Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review, making it the final decision for the purposes of judicial review. Thereafter, Plaintiff sought judicial review of the Commissioner's decision from this court.

Pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.), a magistrate judge heard Plaintiff's appeal of the Commissioner's final decision denying disability benefits. Plaintiff argued in part that the ALJ did not adequately consider Plaintiff's mental and physical impairments, including obesity, in combination. The Commissioner argued that the ALJ's decision was sufficient to show that the ALJ considered Plaintiff's impairments in combination, and that decision was supported by substantial evidence. The Magistrate Judge issued a Report and Recommendation ("Report") [Dkt. No. 22] recommending that the Commissioner's decision be reversed and remanded for further administrative action. The Commissioner informed the court of its intent not to file an objection to the Report. [Dkt. No. 24]. Thereafter, this court accepted the Report

by its Order of January 30, 2012 [Dkt. No. 26], recommending reversal pursuant to sentence four of 42 U.S.C. § 405(g) and remand to the Commissioner for proper explanation of the ALJ's evaluation of the combined effect of Plaintiff's severe and non-severe mental and physical impairments, including obesity.  As a result of this finding, Plaintiff became a "prevailing party" within the meaning of the EAJA and thereby potentially entitled to an award of attorney's fees. *See Shalala v. Schaefer*, 509 U.S. 292, 310 (1993).

As a preliminary matter, Defendant's decision not to object to the Magistrate Judge's Report should not be read as an admission that the Commissioner's position was not substantially justified. *See e.g.*, *Threlkeld v. Astrue*, CA 4:07-1855-HMH-TER, 2008 WL 4816991 (D.S.C. Oct. 28, 2008) (finding the Commissioner's position was substantially justified when the Commissioner did not object to the magistrate judge's Report and Recommendation.)

The primary question that must be resolved in the instant motion is whether the ALJ failed to perform certain analyses required by the relevant statutes, regulations, and case law, or whether the ALJ merely failed to adequately explain his conclusions.  If the ALJ failed to perform certain required analyses, then the Commissioner's position cannot be substantially justified.  *See Makinson v. Astrue*, 586 F. Supp. 2d 491, 495 (D.S.C. 2008); *Adams v. Barnhart*, 445 F. Supp. 2d 593, 596 (D.S.C. 2006).  However, if the ALJ merely failed to articulate a decision that was otherwise reasonable in law and fact, then the Commissioner's position can be substantially justified.  *See Hurell v. Barnhart*, 444 F. Supp. 2d 574, 577 (D.S.C. 2006) (finding that "while the Commissioner's position was not explained as thoroughly as this court requires, it had a basis both in law and fact that could satisfy a reasonable person."

Several courts in this district have recently held that the Commissioner's position was not substantially justified to a degree that could satisfy a reasonable person when the ALJ failed to

3

consider and adequately explain his or her evaluation of the combined effects of an individual's impairments.  *See  Scalf v. Astrue*, CA 4:10-1192-MBS, 2012 WL 80212 (D.S.C. Jan. 11, 2012); *Harmon v. Astrue*, CA 9:09-1964-DCN-BM, 2011 WL 2623346 (D.S.C. July 5, 2011); *Gray v. Astrue*, CA 0:08-3910-PMD, 2010 WL 2622391 (D.S.C. June 25, 2010);  *Dibiase v. Comm'r of Soc. Sec.*, CA 1:09-338-RBH, 2010 WL 4393242 (D.S.C. Oct. 29, 2010).   But see *Thornsberry v. Astrue*, CA 4:08-4075-HMH-TER, 2010 WL 146483 (D.S.C. Jan. 12, 2010) finding that "while the ALJ could have been more explicit in stating that his discussion dealt with the combination of Thornsberry's impairments, his overall findings adequately evaluate the combined effect of Thornsberry's impairments.").

In this case the court found that the ALJ failed to adequately consider and specifically explain his evaluation of the cumulative effect of Plaintiff's severe and non-severe physical and mental impairments including Plaintiff's obesity. The court was particularly troubled by the ALJ's apparent failure to consider the cumulative effect of Plaintiff's physical and mental impairments in determining whether Plaintiff met or medically equaled any of the listed impairments at 20 C.F.R. Part 404, Subpart P, Appendix 1.  The United States Court of Appeals for the Fourth Circuit requires the ALJ to not only consider the combined effects of claimant's impairments, but to adequately explain his evaluation of the combined effects of the individual's impairments.  *See Walker v. Bowen,* 889 F.2d 47 (4th Cir.1989) ("The Secretary must consider the combined effect of a claimant's impairments and not fragmentize them [and] [a]s a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments.") (internal citations omitted)).   The court rejected the Commissioner's argument that "boilerplate verbiage" in the ALJ's opinion stating that he had considered "all" symptoms

4

and "the entire record" was sufficient to demonstrate that the ALJ had considered the cumulative effect of Plaintiff's impairments.   Report and Recommendation, at 26 [Dkt. No. 22].

Having considered the record, the court finds that the Commissioner's position was not substantially justified. Therefore, Plaintiff's Petition for Fees Under the Equal Access to Justice Act [Dkt. No. 29] is **GRANTED**.   The court awards $3,992.13 for services rendered in the representation of Plaintiff's case in chief and $17.13 for expenses for a total sum of $4,009.26. In accordance with *Astrue v. Ratliff,* 130  S. Ct. 2521, 2524 (2010), the court directs these fees be payable directly to Plaintiff, with notice of the payment to be sent to Plaintiff's counsel.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 16, 2013
Greenville, South Carolina